UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VALERIE CARROL,**

    **Plaintiff,**

                                  Case Number: 8:16-cv-03242-EAK-AEP

v.

**BRANDYWYNE CONVALESCENT CENTER, INC.,**

    **Defendant.**

_____/

**MOTION FOR JUDICIAL APPROVAL OF THE PARTIES'
SETTLEMENT AGREEMENT AND DISMISSAL OF THE ACTION**

Plaintiff, Valerie Carrol ("Plaintiff"), hereby respectfully requests that the Court review and approve the her FLSA Settlement Agreement and Release and dismiss the action with prejudice. In support of her Motion, Plaintiff states as follows:

On November 21, 2016, Plaintiff initiated this action against Defendant alleging that Defendant failed to properly compensate her under the Fair Labor Standards Act ("FLSA") by not paying her for all of the hours she worked while employed by Defendant.

Plaintiff and her counsel believe that the cause of action, allegations, and contentions asserted in this action have merit and that she was improperly compensated. Defendant vigorously denies each and every one of Plaintiff's allegations, and deny that she is entitled to any additional compensation because she was properly paid for all hours worked.

The parties and their counsel recognize and acknowledge the expense of continued lengthy proceedings to prosecute and defend this action, the uncertainty and risk of any litigation, as well as the difficulties and delays inherent in such litigation.

In prosecuting this matter, Plaintiff's counsel met with Plaintiff on multiple occasions and engaged in numerous phone conversations with the same. Further, Plaintiff's counsel engaged in substantive and detailed discussions with Defense counsel regarding the merits of the claims. Additionally, Plaintiff's counsel assisted Plaintiff in completing the Court Ordered Interrogatories, reviewed and analyzed Defendant's pay advices, and engaged in written and oral discovery, among other things. Defendant produced all of Plaintiff's pay advices in its possession, which Plaintiff's counsel thoroughly reviewed. Given the analysis of the matter by all parties, the parties agreed to a compromise in which Plaintiff shall be paid $1,750 in unpaid wages and $1,750 in liquidated damages.

Accordingly, the parties have entered into an FLSA Settlement Agreement and Release (the "Agreement") to resolve Plaintiff's claims in this action. A copy of the Agreement, containing all of the terms of the agreement is attached as Exhibit A to this motion. Pursuant to applicable Eleventh Circuit case law, the Court is empowered to review and approve the provisions of settlement agreements in FLSA cases. *See Lynn Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). Given that the parties have agreed that the terms reflected in the Agreement are mutually satisfactory and represent a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions, as evidenced by the Agreement, the parties respectfully request that the Court approve the Agreement.

In support of the request for approval of the Agreement, Plaintiff's counsel submits that he and Plaintiff are satisfied that Plaintiff will be reasonably compensated under the terms of the Agreement for the alleged unpaid overtime to which she claims she is entitled. Additionally, Plaintiff's counsel acknowledges that: (a) Plaintiff fully understands the Agreement; (b) the Agreement specifically applies to a knowing and voluntary release of the relevant and specified rights and claims Plaintiff may have against Defendant; and (c) Plaintiff has consulted with her counsel of record before signing the Agreement and has entered into it knowingly and voluntarily.

Further, the attorney's fees to be paid pursuant to the Agreement were negotiated separately from, and without regard to, the amount paid to Plaintiff in her FLSA claim. The attorney's fees are based on the Plaintiff's counsel's experience with FLSA cases and the amount of time spent reviewing, analyzing, and prosecuting this case. All parties agree that the attorney's fees in this case are both fair and reasonable.

Moreover, the parties respectfully request that the Court approve the Settlement Agreement, and dismiss with prejudice all claims and causes of action asserted by Plaintiff in this action, with each party to bear its own costs and fees, except as provided pursuant to the Agreement.

WHEREFORE, the parties respectfully request that the Court grant this Motion to approve the Agreement and dismiss the Plaintiff's claims with prejudice.

## MEMORANDUM OF LAW

Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c) (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th

Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA, an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated that:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

In the instant action, the Court should approve the parties' Agreement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action that was adversarial in nature. The parties vigorously disputed the merits of this case, with Plaintiff contending that she was not properly compensated for overtime worked, and Defendant disputing Plaintiff's factual allegations. The parties each are represented by competent and experienced counsel who are well-versed in this area of the law. The parties entered into this settlement in recognition of the risks inherent in any

litigation – specifically, for Plaintiff, the risk of no recovery, and for Defendant, the risk of an adverse verdict on the merits. Because of these risks, the Agreement, which provides for a guarantee of significant compensation to Plaintiff, as well as the payment of attorneys' fees and costs to his counsel for prosecuting this matter, represents a fair and reasonable compromise of this matter.

Because the Agreement represents a fair and reasonable compromise over *bona fide* FLSA overtime disputes and was negotiated at arms' length, the Court should approve this settlement.

## **CONCLUSION**

The parties jointly and respectfully request that this Court approve the Agreement and dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted this 6th day of August, 2017.

    /S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Info@KyleLeeLaw.com
***Counsel for the Plaintiff***